Jddge Owsley
delivered the opinion of the court.*
This is an appeal from a judgment rendered.against Cole-roan, upon a demurrer to a scire facias brought by him to have execution of a judgment which he obtained against Broadhead, out of the estate of Patton, in the hands of hiá *393 fexecutí’ix, in consequence of Patton having become the special bail of Broadhead.
LitteU for appellant.
In a recog• nizance of special bail, taken before a justice of the peace, it is not essential to the liability of the bail, that the recognizance should be in-corporatedin the record, Stis enough if it be returned and filed a*-mong the papers. 1 Lit 494 Acts of 1796, chapt 264, sec. 33,
The recognizance of special bail appears to be in the usual form; but it is contended that it does not appear to have been taken by a person authorised to take such ac-knowledgements, and moreover, if it were, yet as it is in nowise entered upon, or incorporated in the record of the suit against Broadhead, it is urged, that the bail ought not to be subjected to the execution.
The action, in which the bail appears to have been taken, was depending in the supreme court for the then district of Kentucky, and as the recognizance was acknowledged before a justice of the peace, there is no doubt but, according to the act of the Virginia legislature of 1761, (Pleasant’s revision, 113) it was taken by a person of competent authority.
And as by the same act, no entry of the recognizance so taken is required to be made in the áuit to which it relates, tut to the contrary, from the circumstance of the act barely directing the recognizance to be transmitted to the clerk of the court to be filed with the papers, such an entry, most probably, was not intended to be required, we are of opinion the bail, notwithstanding the recognizance is not incorporated in the record of the proceedings against Broadhead, may be made subject to the execution of Coleman. The judgment of the circuit court must, therefore, be reversed with cost, the cause remanded, and further proceedings had, not inconsistent with this opinion.

Absent, Judge-Locax,